# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAWRENCE IRA CLAYTON, by and through WANDA LOUISE CLAYTON, Next friend and attorney-in-fact, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-13-486-M |
| ED LAKE, Director of Oklahoma Department of Human Services; JOEL NICO GOMEZ, Director of Oklahoma Health Care Authority, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is plaintiff's Motion for Preliminary Injunction, filed September 5, 2013. On September 20, 2013, defendants filed their response. On October 10, 2013, plaintiff filed his supplement to his motion for preliminary injunction, and on October 11, 2013, defendants filed their response to plaintiff's supplement. Based upon the parties' submissions, the Court makes its determination.

I. Introduction

Plaintiff has sued defendants alleging that he was wrongfully found to be ineligible for Medicaid benefits under Oklahoma's Advantage Waiver Program. Plaintiff has alleged that defendants have violated 42 U.S.C. §§ 1396p(c)(2)(C)(1) and 1396p(c)(1)(I) by finding him ineligible for Medicaid benefits in a manner inconsistent with federal law. In his Complaint, plaintiff requests the Court to enter preliminary and permanent injunctions that would grant him Medicaid eligibility. Plaintiff has now moved the Court to issue a preliminary injunction directing

defendants to place him in Medicaid pay status for the pendency of this case, and for all other relief deemed just and equitable.

II.     Discussion

A movant seeking a preliminary injunction must show: (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest. *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001). "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Id.* (internal citation omitted). Whether to grant a preliminary injunction rests within the sound discretion of the trial court. *United States v. Power Eng'g Co.*, 191 F.3d 1224, 1230 (10th Cir. 1999).

If, however, a movant is seeking a disfavored preliminary injunction – preliminary injunctions that alter the status quo, mandatory preliminary injunctions, or preliminary injunctions that afford the movant all the relief that he could recover at the conclusion of a full trial on the merits – the movant must satisfy a heightened burden. *See O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004). "[A]ny preliminary injunction fitting within one of the disfavored categories must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 975. Specifically, "a party seeking such an injunction must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms". *Id.* at 976. As set forth above, plaintiff requests the Court to issue a preliminary injunction directing defendants to place him in Medicaid pay status for the pendency of this case. Because this requested

2

preliminary injunction alters the status quo and affords plaintiff all the relief that he could recover at the conclusion of a full trial on the merits, the Court finds that it is a disfavored preliminary injunction and plaintiff must satisfy a heightened burden.

"A plaintiff suffers irreparable injury when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain." *Dominion Video*, 269 F.3d at 1156.

> Determining whether irreparable harm exists can be a difficult and close question. We have noted that [t]he concept of irreparable harm . . . does not readily lend itself to definition, nor is it an easy burden to fulfill. In defining the contours of irreparable harm, case law indicates that the injury must be both certain and great, and that it must not be merely serious or substantial.

*Id.* at 1262 (internal quotations and citations omitted).

Plaintiff asserts that he requires medical and nursing care, food, and supervision, which should be provided by Medicaid funds. In his motion plaintiff states:

> Clayton's family is being forced to utilize its own funds to pay for Clayton's care. Because Clayton's only remedy in this case is prospective injunctive relief (or an order requiring the state to provide medical services going forward), there is no way Clayton's <u>family</u> can recover out-of-pocket expenses for his care.

Plaintiff's Motion for Preliminary Injunction and Brief in Support at 2 (emphasis added). Plaintiff contends the only way to prevent plaintiff from suffering irreparable harm is for him to be placed in Medicaid pay status immediately.

Having carefully reviewed the parties' submissions, the Court finds that while plaintiff may have shown irreparable injury to his family, none of whom are parties in this case, plaintiff has not

3

shown any irreparable injury to himself. In order to obtain a preliminary injunction, however, plaintiff must show irreparable injury to himself.[1]

III. Conclusion

As set forth above, the Court finds that plaintiff has not satisfied his burden of showing irreparable injury to himself. The Court, therefore, finds that plaintiff is not entitled to a preliminary injunction in this case. Accordingly, the Court DENIES plaintiff's Motion for Preliminary Injunction [docket no. 17].

**IT IS SO ORDERED this 11th day of October, 2013.**

*[signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Because all four requirements for a preliminary injunction must be satisfied, and because the Court finds plaintiff has failed to satisfy the irreparable injury requirement, the Court declines to address the remaining three requirements.