# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAWRENCE IRA CLAYTON, by and through WANDA LOUISE CLAYTON, Next friend and attorney-in-fact, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-13-486-M |
| ED LAKE, Director of Oklahoma Department of Human Services; JOEL NICO GOMEZ, Director of Oklahoma Health Care Authority, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is plaintiff's Motion for Reconsideration, to Alter or Amend Judgment, or for Relief from Judgment, filed February 5, 2014. On February 26, 2014, defendants filed their response, and on March 4, 2014, plaintiff filed his reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiff, pursuant to Federal Rules of Civil Procedure 59(e) and/or 60(b)(6), moves this Court to reconsider its January 21, 2014 Order denying plaintiff's motion for summary judgment and its January 21, 2014 Judgment entered in favor of defendants. Specifically, plaintiff moves for reconsideration based upon the current status of plaintiff's eligibility for Medicaid benefits. Plaintiff asserts that he had spent down the $54,719 of alleged excess resources by January 23, 2014, two days after this Court issued judgment in favor of defendants. In lieu of filing a new application for benefits, plaintiff has filed the instant motion.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent

manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Having carefully reviewed the parties' submissions, the Court finds no grounds warranting reconsideration in the case at bar. Specifically, the Court finds there has been no intervening change in the controlling law and there is no need to correct clear error or prevent manifest injustice. In its January 21, 2014 Order, the Court found that Mrs. Clayton's protected share of resources must be calculated according to the resources Mr. and Mrs. Clayton owned on the application date, December 17, 2012. Thus, any change in resources after that date is irrelevant for purposes of the instant action, which solely involves whether the April 23, 2013 denial of the December 17, 2012 application was proper.

Accordingly, the Court DENIES plaintiff's Motion for Reconsideration, to Alter or Amend Judgment, or for Relief from Judgment [docket no. 39].

**IT IS SO ORDERED this 17th day of March, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE